**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4581**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MOISES RIVAS-POSADA, a/k/a Moises Rivers, a/k/a Moises Rivas
Posada, a/k/a Moises Rivera, a/k/a Moises Posada,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:15-cr-00154-LMB-1)

Submitted:  July 28, 2016          Decided:  August 3, 3016

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Caroline S.
Platt, Appellate Attorney, Brooke Sealy Rupert, Assistant
Federal Public Defender, Alexandria, Virginia, for Appellant.
Angela  Mulunesh  Fiorentino-Rios,  Assistant  United  States
Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Rivas-Posada pled guilty, pursuant to a plea agreement, to unlawful reentry after removal following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Rivas-Posada to 36 months' imprisonment and 3 years' supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence is reasonable. Rivas-Posada has not filed a supplemental pro se brief, despite receiving notice of his right to do so. We affirm in part, vacate in part, and remand for further proceedings.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If there are no procedural errors, we

2

then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

In this case, the record establishes that Rivas-Posada's below-Guidelines sentence of 36 months' imprisonment is procedurally and substantively reasonable. The district court correctly calculated Rivas-Posada's criminal history category, total offense level, and Guidelines range, provided the parties the opportunity to argue for an appropriate sentence, and considered Rivas-Posada's allocution. The court provided an adequate and individualized explanation of its sentencing, highlighting Rivas-Posada's risk of recidivism. Contrary to counsel's assertion, the district court considered the age of Rivas-Posada's felony convictions, and adequately described why it was not persuaded that this factor warranted further variance.

Turning to the supervised release portion of the sentence, in the case of a deportable alien who will likely be deported after imprisonment, the Sentencing Guidelines provide that, unless otherwise required by statute, "[t]he court ordinarily

3

should not impose a term of supervised release." U.S. Sentencing Guidelines Manual § 5D1.1(c) (2014). However, if the district court concludes that a supervised release term would provide "an added measure of deterrence and protection based on the facts and circumstances of a particular case," then "[t]he court should . . . consider imposing a term of supervised release." Id. § 5D1.1 cmt. n.5. Although the district court should make such a finding on the record, "where a sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the § 3553(a) factors; and (3) determines that additional deterrence is needed, nothing more is required." United States v. Aplicano-Oyuela, 792 F.3d 416, 424 (4th Cir. 2015) (alterations and internal quotation marks omitted).

In the instant case, there is no evidence that the district court was aware of the applicability of USSG § 5D1.1(c). The presentence investigation report failed to mention § 5D1.1, and neither the district court nor the parties referenced it during the sentencing hearing or in sentencing memoranda. We conclude this failure to consider USSG § 5D1.1(c) is procedurally unreasonable. Accordingly, we vacate the portion of the

4

sentencing imposing supervised release and remand for further proceedings.*

Pursuant to <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no other meritorious grounds for appeal. Accordingly, we affirm Rivas-Posada's conviction and 36-month term of imprisonment.

This court requires that counsel inform Rivas-Posada, in writing, of the right to petition the Supreme Court of the United States for further review. If Rivas-Posada requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivas-Posada.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART</u>,<br>
<u>AND REMANDED</u>

---

*  We express no opinion regarding the propriety of supervised release in this case.